IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| John E. Hill, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 1:08cv1274 (LMB/TRJ) |
| ) | |
| Commonwealth of Virginia, ) | |
|     Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

John E. Hill, a Virginia inmate, through counsel, has filed a Motion for Relief under Federal Rule 60(B)(6) by a Prisoner in State Custody, challenging the constitutionality of his convictions for abduction and armed robbery after he plead guilty in the Circuit Court for Fairfax County, Virginia. Although counsel has denominated this pleading in this case as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), it appears to be an effort to obtain habeas corpus relief pursuant to 28 U.S.C. § 2254. However, because on its face the pleading fails to establish that it was brought within the applicable one-year time period and without properly exhausting state remedies, any relief under § 2254 is not legally available.

### I. Background

According to the memorandum of law and the affidavit filed in support of the motion, John Hill was arrested for armed robbery after a traffic stop in Prince William County, Virginia, on September 6, 2002. Hill attests that he was placed in a patrol car and questioned about the robbery of a cigarette store in Woodbridge without benefit of the warnings required by Miranda v. Arizona, 384 U.S. 436 (1966). Allegedly to prevent the arrest of his wife, who was a passenger in his vehicle, Hill made incriminating statements to a detective, and those statements along with evidence obtained as a result of the statements led to Hill's arrest. Hill alleges that he was advised by his trial attorney that no Miranda violation occurred, and that the attorney failed to move to suppress Hill's statements to the detective or to exclude the evidence developed from those statements. On July 7, 2003, Hill pleaded

guilty to charges of armed robbery and abduction, and he was sentenced on August 22, 2003, to concurrent sentences of forty (40) years incarceration, with fifteen (15) years suspended. There is no indication in the complaint that Hill ever attempted to appeal or otherwise seek review of his convictions.

In this federal proceeding, Hill contends that: (1) his Fifth Amendment rights under Miranda v. Arizona were violated when his statement was elicited without a knowing and intelligent waiver of his privilege against self-incrimination, and that any evidence obtained therefrom consequently was fruit of the poisonous tree; and (2) he received ineffective assistance of trial counsel in violation of the Sixth Amendment, such that his guilty plea was rendered involuntary. As relief, Hill prays for "entry of an order setting his conviction [sic] and setting this case this case [sic] for a hearing on the ineffectiveness of trial counsel in this matter or in the alternative an order granting a new trial." Pet'r Mem. at 6.

## II. Analysis

Title 28 U.S.C. § 2254 provides the statutory basis for a state prisoner to apply to federal court for relief from a violation of his constitutional rights in the course of his state court proceedings. A number of jurisdictional and procedural constraints apply to a state prisoner's ability to file a petition for habeas corpus relief pursuant to § 2254, including the requirement that the petition must be filed in most instances no later than one year after the state judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A)-(D). Moreover, before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court "by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Unless the prisoner presents his claims to the state tribunals in a procedurally appropriate manner, they typically are foreclosed from federal review. Harris v. Reed, 489 U.S. 255, 262-63 (1989). And once a prisoner has prosecuted a federal habeas corpus action, he may bring a second or successive petition only under extremely narrow circumstances. 28 U.S.C. § 2244(b)(1)-(3). Hill's motion does not allege that he

exhausted his state court remedies and on its face the motion is time-barred if construed as a § 2254 petition.

Rule 60(b) allows a party in a federal court to seek relief from a final <u>federal</u> judgment and to request reopening of a federal civil action under a limited set of circumstances, including fraud, mistake, and newly-discovered evidence. Subsection 60(b)(6), which is specifically relied upon by Hill here, permits reopening for "any ... reason justifying relief from the operation of the judgment" other than those set out with specificity in Rules 60(b)(1) - (5). Rule 60(b) "may only be used to challenge a federal judgment. It may not be used to challenge a federal or state criminal conviction." <u>Greer v. County of Patrick</u>, 2006 WL1401607 (W. D. Va.), <u>aff'd</u>, 217 Fed. Appx. 233 (4th Cir.), <u>cert. denied</u>, 128 S.Ct. 398 (2007), citing <u>United States v. O'Keefe</u>, 169 F.3d 281, 289 (5th Cir. 1999)(holding that Rule 60(b) does not provide for relief from a criminal judgment).

The tactic of attempting to employ Rule 60(b) to circumvent the requirements pertaining to a cognizable habeas corpus claim under § 2254 is not original, although it is normally employed by <u>pro se</u> litigants, not those represented by counsel who should be aware of the scope of Rule 60. On this record, counsel has tried to use a federal rule of civil procedure which only applies to <u>federal</u> <u>civil</u> judgments to vacate a <u>state</u> court judgment in a criminal case. As such, the motion is patently frivolous and should never have been filed by counsel.

For the foregoing reasons, it is hereby

ORDERED that the Motion for Relief from Judgment (Docket #1) be and is DISMISSED WITH PREJUDICE.

The Clerk is directed to send a copy of this Order to counsel of record and to close this civil action.

Entered this __11__ day of February, 2009.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

3